# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

TRANG THUY NGUYEN,

    Debtor.

Case No. 10-18191-RGM
(Chapter 7)

## MEMORANDUM OPINION

THIS CASE was before the court on the debtor's motion to approve a reaffirmation agreement with Wells Fargo Financial National Bank.

The reaffirmation agreement was not timely filed with the court. The reaffirmation agreement was filed more than 60 days after the first date set for the meeting of creditors under §341(a) of the Bankruptcy Code. Fed.R.Bankr.Proc. 4008(a). The first date set for the meeting of creditors was November 3, 2010. The reaffirmation agreement was required to be filed on or before January 2, 2011. It was filed on January 6, 2011.

The court set the matter for a hearing because Part D of the reaffirmation agreement showed that income was $1600 a month and expenses were $1666.29. The reaffirmation agreement proposed an additional monthly expenses of $87.50, leaving a budget deficit of $153.79 a month. There was no explanation as to how the debtor would make the payment with the budget as shown on the reaffirmation papers. The notice of hearing was mailed to the debtor, the creditor, and debtor's counsel. The next day, the creditor filed a copy of the same reaffirmation agreement but with the addition of a brief explanation suggesting that the debt would be non-dischargeable in the bankruptcy proceeding and that the reaffirmation agreement represented a settlement of the non-dischargeability complaint. There was still no explanation as to how the debtor could make the

proposed payments.

A hearing was held on February 14, 2011. No one appeared at the hearing.

The proposed reaffirmation agreement cannot be approved because it was filed after the deadline. In addition, it fails to explain how the debtor is able to make the proposed payments with his current budget.

The court notes that the creditor asserts that the debt may be non-dischargeable. While the use of a reaffirmation agreement is an acceptable way to resolve a dischargeability complaint, the reaffirmation agreement must still comply with §524 of the United States Bankruptcy Code. In this case, it does not and the court willl not approve it.

Alexandria, Virginia
February 15, 2011

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Christopher B. Shedlick
Richard A. Bartl
Melissa M. Watson

Copy mailed to:

Trang Thuy Nguyen
7848 Heritage Drive
Annandale, Virginia 22003

16650